UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

MICHAEL DEANDRE WILLIAMS,

        Plaintiff,

v.                              CIVIL ACTION NO. 5:19-cv-00159

DR. RASHED (FNU), TOM BALLARD, II (CID),
MICHAEL FRANCIS,
Superintendent, BRITTANY FOSTER,
Medical Administrator of Southern Regional Jail,
and NURSE PRACTITIONER ZACK (LNU)

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Michael Deandre Williams' Application to Proceed Without Prepayment of Fees and Costs [Doc. 1], filed March 7, 2019, and Amended Complaint [Doc. 5], filed April 5, 2019.

### I.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Mr. Williams instituted this action on March 7, 2019, on behalf of himself and other inmates, seeking relief for alleged violations of their constitutional rights pursuant to 42 U.S.C. § 1983. On March 11, 2019, Magistrate Judge Aboulhosn entered an order notifying Mr. Williams that if he wished to proceed with his claim, he must first amend his complaint to eliminate the other plaintiffs given that attempting to prosecute a claim on their behalves would constitute the unauthorized

practice of law. On April 5, 2019, Mr. Williams amended his complaint. Magistrate Judge Aboulhosn filed his PF&R on June 11, 2019, recommending that the Court deny Mr. Williams' Application to Proceed Without Prepayment of Fees and Costs, dismiss his Complaint and Amended Complaint, and remove this matter from the docket. [Doc. 6]. Mr. Williams timely objected to the PF&R on June 24, 2019. [Doc. 7].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Two of Mr. Williams' objections are entitled to de novo review; the remainder are conclusory and fail to direct the Court to a specific error.[1]

### A. Exhaustion Objection

Mr. Williams first objects to the Magistrate Judge's that he failed to exhaust his administrative remedies. As explained by the Magistrate Judge, while the failure to exhaust is an affirmative defense that must be raised by a defendant, "[a] court may sua sponte dismiss a

---

[1] Mr. Williams also seeks appointed counsel, stating "[p]lease help me with pro-bono lawyer to help me understand whats [sic] right and wrong." [Doc. 7 at 4]. The Court notes, however, that "[t]here is no general constitutional right to appointed counsel in post-conviction proceedings." *United States v. May*, No. 5:08-CR-331-1FL, 2020 WL 2497706 (E.D.N.C. May 14, 2020) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013)). Nor does it appear that counsel is necessary in order to properly present or prosecute the instant request. Accordingly, the Court denies Mr. Williams' request for appointed counsel.

1

complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d. 358, 361 (4th Cir. 2017).

Using this standard, the Magistrate Judge concluded that Mr. Williams acknowledged in his amended complaint that he did not fully exhaust his administrative remedies. Mr. Williams stated in the amended complaint that he utilized the prisoner grievance procedure by writing to "staff and super" and submitting grievances on "the electronic keoch [sic]," but no action was taken. [Doc. 5 at 3]. The Magistrate Judge explained that the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") grievance procedure permits an inmate to proceed to the next level of the administrative remedy process if the inmate submits a grievance but does not receive a timely response. The Magistrate Judge consequently concluded that, to the extent Mr. Williams was claiming that he did not receive a timely response after his grievances were filed, it was "clear from the face of [his] amended complaint that he failed to consider any absence of a timely response as a denial and proceed to the next level" of the administrative remedy process. [Doc. 6 at 9]. The Magistrate Judge thus observed that it was "improper for [Mr. Williams] to forego the administrative remedy process based on the lack of a timely response to his initial grievances because the administrative remedy process allows an inmate to proceed to the next level under such circumstances." [*Id.*]. Accordingly, inasmuch as Mr. Williams did not indicate or allege that the administrative remedy process was unavailable to him, the Magistrate Judge recommended that the amended complaint be dismissed due to his failure to exhaust his administrative remedies. [*Id.*].

2

In his objections, however, Mr. Williams appears to allege that the administrative remedy process was unavailable to him once he was moved to medical.[2] Specifically, Mr. Williams contends that he was deliberately moved to medical "so [he] couldn't use the in house administrative remedy process" inasmuch as "there is no keyoch [sic] or handbooks given" in medical.[3] [Doc. 7 at 3]. In support of this contention, Mr. Williams cites to *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003) and *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001).

In *Mitchell*, the court held that the inmate lacked available administrative remedies for exhaustion purposes when the correctional officers withheld necessary grievance forms. *Mitchell*, 318 F.3d at 529. Similarly, in *Miller*, the court concluded that the inmate's allegations that correctional officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that he had exhausted his available administrative remedies. *Miller*, 247 F.3d at 740.

An inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). Mr. Williams' allegation that he was deliberately moved to medical so he could not use the in-house administrative remedy process raises "an inference that he was prevented from utilizing the prison's administrative remedies."

---

[2] Although asserted in Mr. Williams' objections, this allegation was not alleged in his amended complaint.

[3] While Mr. Williams makes this assertion, his objections confusingly state that "his paper grievances were replied to as being filled [sic] article 13 (trashcan)." Thus, it is somewhat unclear whether Mr. Williams was still able to file paper grievances while in medical, or if he is contending that such grievances were filed prior to his move to medical, at which point he lacked access to the administrative remedy process. Nevertheless, inasmuch as "*pro se* filings are to be liberally construed," the Court interprets Mr. Williams' objections as asserting the latter. *Skillings v. Knott*, 251 F.Supp.3d 998, 1001 (E.D. Va. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013))

*Miller*, 247 F.3d at 739. This allegation, in turn, raises an inference that Mr. Williams "had exhausted his 'available' remedies" when he filed his initial grievance. *Id*.

Having considered the inference raised by his objections, and noting Mr. Williams' amended complaint may not have qualified for the "rare, exceptional instance where administrative exhaustion" is facially apparent, the Court **SUSTAINS** Mr. Williams' objection and **DECLINES TO ADOPT** the recommendation that the amended complaint be dismissed on this basis. *Curtis*, 851 F.3d at 362.

The Court will next address Mr. Williams' objections to the Magistrate Judge's substantive findings.

**B.     Eighth Amendment Objection**

Mr. Williams next objects to the Magistrate Judge's conclusion that he failed to state a claim for which relief may be granted under the Eighth Amendment. In support of his objection, Mr. Williams appears to assert that his Eighth Amendment rights were violated inasmuch as "Mr. Francis has allowed SRJ to operate at the capacity of 710 inmates and 6 jailers[,] putting [his] life in danger." [Doc. 7 at 3]. He also reasserts that Ms. Foster, "medical admin," put his life in danger by housing him "with enfectious [sic] inmates x2," even though Mr. Francis "warned medical to keep him quarantined from other inmates." [*Id.*].

Under the Eighth Amendment, the infliction of "cruel and unusual punishments" is prohibited. U.S. Const. amend. VIII. The Eighth Amendment protects against "more than physically barbarous punishments." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Indeed, "[i]t also encompasses 'the treatment a prisoner receives in prison and the conditions under which he is confined.'" *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Helling v. McKinney*,

4

509 U.S. 25, 31 (1993)). "In particular, the Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement ... [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). As such, when a prison official acts with "deliberate indifference to [the] serious medical needs of prisoners, [this] constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104. "Prisoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994)." *Scinto*, 841 F.3d at 225.

The first prong of the test is objective and requires that the deprivation alleged by the plaintiff be "objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 835 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "To be 'sufficiently serious,' the deprivation must be "extreme" — meaning that it poses "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions." *Scinto*, 841 F.3d at 225 (quoting *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted)). Thus, "[t]he plaintiff need not always adduce evidence that he suffered an extreme physical injury – evidence which tends to establish a 'substantial risk' of one may suffice." *Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 545 (D. Md. 2019). "In medical needs cases . . . the *Farmer* test requires plaintiffs to demonstrate officials' deliberate indifference to a 'serious' medical need that has either 'been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Scinto*, 841 F.3d at 225 (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).

5

The second prong of the test is subjective and requires the plaintiff to demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). "In conditions of confinement cases, the requisite state of mind is deliberate indifference." *Scinto*, 841 F.3d at 225 (citing *Farmer*, 511 U.S. at 834). "A prison official demonstrates deliberate indifference if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Brown v. N. Carolina Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Odom v. S.C. Dept. of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003)). "Put differently, the plaintiff must show that the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and ... dr[ew] th[at] inference.'" *Scinto*, 841 F.3d at 225 (quoting *Farmer*, 511 U.S. at 837). "In deliberate indifference to medical needs cases, *Farmer's* subjective prong requires proof of the official's 'actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by [the official's] action or inaction.'" *Id.* at 226 (quoting *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Farmer*, 511 U.S. at 837–39)).

As to Mr. Williams' assertion that his Eighth Amendment rights were violated inasmuch as "Mr. Francis has allowed SRJ to operate at the capacity at 710 inmates and 6 jailers[,] putting [his] life in danger," the assertion fails to establish an Eighth Amendment violation. Frankly, Mr. Williams omits this allegation from his amended complaint. Had he pled it, however, he fails to allege that he suffered any significant physical or emotional injury or a substantial risk of harm as a result. Moreover, he fails to allege that any prison official acted with deliberate indifference towards his health or safety as a result of the alleged condition. Accordingly, this assertion fails to state a claim for which relief may be granted under the Eighth Amendment.

Mr. Williams has alleged in his amended complaint, however, that while segregated to his cell "as [a] chronic and terminally ill inmate with a low immune system," Ms. Foster, "would bring only infectious inmates to be house [sic] in [his] cell against Mike Francis' orders." [Doc. 5 at 5]. Similarly, in his objections, he reasserts that Ms. Foster, a "medical admin," housed him with "enfectious [sic] inmates x2," even though Mr. Francis "warned medical to keep him quarantined from other inmates," thus placing his life in danger. [Doc. 7 at 3].

Treating Mr. Williams' allegations as true, the Court concludes that he has alleged facts sufficient to state an Eighth Amendment claim. Indeed, although Mr. Williams has not alleged a physical or emotional injury, one could infer that placing infectious inmates in a cell with a chronic and terminally ill inmate with a low immune system could result in a "substantial risk" of harm or injury. Moreover, Mr. Williams appears to allege that Ms. Foster placed infectious inmates with him in his cell despite being aware of both his medical condition and orders from Mr. Francis that he be quarantined from other inmates. Accordingly, the Court concludes that Mr. Williams has alleged facts sufficient to satisfy both the objective and subjective tests set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994). Thus, the Court **SUSTAINS** Mr. Williams' objection and **DECLINES TO ADOPT** the Magistrate Judge's recommendation to the extent stated.

C.  **Alleged Battery Claim**

Mr. Williams alleges a common-law battery claim against Defendant Dr. Rashed. In view of the complete dismissal recommended by the Magistrate Judge in the PF&R, it was additionally recommended that the Court decline to exercise supplemental jurisdiction over the battery claim. [Doc. 6 at 20].

Given the Court's conclusion that Mr. Williams has properly alleged an Eighth Amendment claim against Defendant Foster, the Court may exercise supplemental jurisdiction over the battery claim so long as it is "so related" to the Eighth Amendment claim that it forms "part of the same case or controversy." 28 U.S.C. § 1367(a). "Whether federal law claims and state law claims form part of the same case or controversy 'is determined by whether they derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Bennett v. Fastenal Co.*, 184 F.Supp.3d 304, 308 (W.D. Va. 2016) (quoting *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 615 (4th Cir.2001)). "Most federal courts require only a 'loose factual connection between the claims' to satisfy the requirement that the claims arise from a common nucleus of operative fact." *Id.* (quoting *Nicol v. Imagematrix, Inc.*, 767 F.Supp. 744, 748 (E.D.Va.1991) (quoting 13B Wright & Miller, Federal Practice & Procedure, § 3567.1, at 117 (1984)); *see also White v. Cty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) (explaining that supplemental claims "need only revolve around a central fact pattern").

Mr. Williams alleges that Dr. Rashed battered him during a medical examination for a rash when Dr. Rashed "grabbed [his] wrist and flung it away from [his] body crashing it into an otoscope machine." [Doc. 5 at 9]. This claim, however, does not form part of the same case or controversy as Mr. Williams' alleged Eighth Amendment claim against Defendant Foster. Indeed, the alleged battery and Eighth Amendment claims do not "derive from a common nucleus of operative fact." *Hinson*, 239 F.3d at 615. Accordingly, the Court declines to exercise supplemental jurisdiction over the battery claim against Dr. Rashed on this basis and thus **DISMISSES** the claim.

8

## III.

For the foregoing reasons, the Court refers anew to the Magistrate Judge the Eighth Amendment claim against Defendant Foster and **ADOPTS** the residue of the PF&R. [**Doc. 6**].

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to any counsel of record and any unrepresented party.

ENTERED: September 30, 2020

Frank W. Volk
United States District Judge